**Leta L. PORCHE, individually and on behalf of all others persons similarly situated; et al., Plaintiffs–Appellants,**

v.

**PILOT & ASSOCIATES, INC.; et al., Defendants–Appellees.**

No. 07–56821.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2009.

Filed March 17, 2009.

James A. Burton, Esq., Mower Carreon & Desai, Irvine, CA, Linda Guthmann Krieger, Esq., Krieger & Krieger, Long Beach, CA, for Plaintiffs–Appellants.

Jeffrey P. Fuchsman, Esq., John J. Manier, Ballard, Rosenberg, Golper & Savitt

LLP, Universal City, CA, for Defendants–Appellees.

Before: FERNANDEZ and PAEZ, Circuit Judges, and HOGAN,[*] District Judge.

## MEMORANDUM [**]

Daniel and Leta Porche appeal from the district court's order granting Pilot Catastrophe Services' ("Pilot") motion to dismiss for improper venue. The district court concluded that venue was improper under 28 U.S.C. § 1391.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Porches contend that the district court erred in concluding that venue was improper under 28 U.S.C. § 1391 because Pilot did not reside in the Central District of California for the purposes of venue. *See* 28 U.S.C. § 1391(b)(1); 28 U.S.C. § 1391(c) ("[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.") We disagree.

At the time the Porches' filed their complaint, Pilot's contacts with the Central District of California[2] were not

---

[*] The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Although the dismissal order mentioned that the presence of two defendants informed the court's reasoning, the parties clarified at oral argument that only one defendant, Pilot Catastrophe Services, is implicated in this ac-

tion. We therefore disregard any reference in the complaint to the second defendant.

2. In a multi-district state such as California, a corporation is deemed to reside in any district in that state within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state. 28 U.S.C. § 1391(c). Thus, in considering whether the district court had personal jurisdiction over Pilot, we analyze Pilot's contacts with the Central District of California.

sufficiently continuous and systematic to subject Pilot to general jurisdiction there. *See Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1169 (9th Cir.2006); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir.2000). Further, because the action did not arise out of or result from Pilot's contacts with the forum, the district court lacked specific jurisdiction over Pilot as well. *See Bancroft & Masters, Inc.,* 223 F.3d at 1087 (9th Cir.2000). Thus, Pilot did not reside in the Central District of California for the purposes of 28 U.S.C. § 1391.

Because we conclude that venue was improper, dismissal was proper and we need not reach the merits of the Porches's contention that the forum selection clause was unenforceable.

AFFIRMED.